**The PEOPLE of the State of Colorado, Petitioner-Appellant,**

**In the Interest of J.L.L., A Child, and Concerning A.L., Respondent-Appellee.**

**No. 86CA0833.**

Colorado Court of Appeals, Div. II.

July 30, 1987.

Rebecca Parker, Asst. Co. Atty., Commerce City, for petitioner-appellant.

Law Offices of Reese Miller, P.C., Kenneth A. DeLay, Denver, for respondent-appellee.

METZGER, Judge.

In this action concerning placement of a student in special educational facilities, the Adams County Department of Social Services (Social Services) appeals the orders of the trial court requiring Social Services to exhaust its administrative remedies under the Exceptional Children's Educational Act, §§ 22–20–101, et seq., C.R.S. (1986 Cum. Supp.), refusing to order Adams County School District No. 12 (the District) to pay any excess educational costs until joined as a party under § 19–3–110(1), C.R.S. (1986 Repl.Vol. 8B), and ordering Social Services to pay the student's required excess educational costs. We affirm the first order, vacate the remaining orders, and remand for further proceedings.

On October 23, 1985, Social Services notified the District by letter that special educational placement was being considered for J.L.L., a student resident in the District. It provided: "The following [four] named facilities are being considered as possible placements." The District had not made a determination, pursuant to § 22–20–108(1), C.R.S. (1986 Cum.Supp.), that J.L.L. was educationally handicapped. Because more than one placement was suggested in the letter, the District did not deem the notice final and did not file a written response.

On November 25, 1985, J.L.L. was adjudicated delinquent, and his custody was awarded to Social Services for placement in a residential child care facility. Social Services sought to have the District charged for excess educational costs, pursuant to § 22–20–108(7)(b), C.R.S. (1986 Cum.Supp.).

On January 31, 1986, the trial court issued an order placing J.L.L. in a residential child care facility and directing the District to appear and show cause why it should not be ordered to pay J.L.L.'s excess educational costs. On February 10, 1986, the District appeared before the trial court to object to the placement, as provided in § 22–20–108(8), C.R.S. (1986 Cum.Supp.). The District asserted that Social Services was required to exhaust the administrative procedures provided by the statute before the district could be charged for the excess educational costs.

On February 14, 1986, the trial court issued an order remanding the action for administrative proceedings and holding all court proceedings in abeyance. The court found that completion of those procedures was "mandatory and necessary prior to any further litigation," and ruled that it would take no further action until the administrative procedures were completed.

Social Services filed a motion for reconsideration, arguing that, because the District had failed to object within 15 days of the October 23, 1985, notice, the court had jurisdiction to order the District to pay the excess educational costs. Thus, argued Social Services, the placement was "deemed approved," pursuant to § 22–20–108(8), C.R.S. (1986 Cum.Supp.), and there was no need to pursue an administrative review as provided in § 22–20–108(3), C.R.S. (1986 Cum.Supp.).

On March 3, 1986, the trial court denied the motion for reconsideration, holding that it had no authority to charge the District until it was properly joined as a party under § 19–3–110, C.R.S. (1986 Repl.Vol. 8B). Social Services then filed a second motion

to reconsider, which was summarily denied. This appeal followed.

As a preliminary matter, Social Services argues that the issue of the legal sufficiency of the notice given to the District on October 23, 1985, should not be considered on appeal because it was not raised before the trial court. This contention is without merit.

The transcript of the show cause hearing is replete with references to the fact that the District did not deem the October 23, 1985, notice final, and did not know of the specific placement of the child until it received the show cause order. Under these circumstances, the issue is properly presented here.

Social Services next argues that the administrative appeal procedure, set forth in § 22–20–108(3) and § 22–20–108(8), C.R.S. (1986 Cum.Supp.), does not apply because the District "approved" the placement by failing to object within the 15 days provided by statute. The District contends that Social Services failed to provide it with adequate notice, as required by the statute, and that its objection was timely filed after the District received notice of a specific placement by the show cause order. We agree with the District.

Section 22–20–108(8), C.R.S. (1986 Cum. Supp.) provides that a school district is liable for excess educational costs unless the school district provides written notice of its disapproval of the special educational placement within 15 days of notification. However, the statute does not define what "notification" shall consist of nor any standard for determining adequacy.

Notice is adequate if it is reasonably calculated, under all the circumstances surrounding a given proceeding, to apprise all interested parties of the action at issue and to afford them an opportunity to present their objections. *Mullane v. Central Hanover Bank & Trust Co.*, 339 U.S. 306, 70 S.Ct. 652, 94 L.Ed. 865 (1950).

We hold that the notice sent to the District in October 1985 was not reasonably calculated, under the circumstances here, to apprise the District of its obligation to respond. The notice provided that placement was being *considered* for J.L.L., and listed four institutions. Although the notice stated that it was a "fifteen day notice of placement," the ambiguity of the notice led the District to conclude that no specific placement had then been selected and, therefore, that its duty to respond had not yet arisen. The District's first notice of specific placement was the show cause order. Under these circumstances, we cannot say that the District should have responded earlier.

Thus, as we view these facts, the District filed a timely objection to the placement at the hearing on February 10, 1986, and the court properly found that Social Services was required to pursue its claim through the administrative appeal procedures of § 22–20–108(3), C.R.S. (1986 Cum.Supp.).

The order requiring Social Services to exhaust the administrative remedies of § 22–20–108(3), C.R.S. (1986 Cum.Supp.), is affirmed. The court's remaining orders being premature are vacated, and the cause is remanded for further proceedings consistent with this opinion.

SMITH and STERNBERG, JJ., concur.